## Roseman v. Poppe

*Howard L. Schambelan*, for plaintiffs.
*Peter M. Clark*, for defendants.

LEDERER, J., January 30, 1975.—This matter is before the court on the motion of defendant, Dr. Poppe, to compel plaintiff to provide more specific answers to his interrogatories. It is a malpractice case in which plaintiff alleges that Dr. Poppe was negligent in the manner in which he rendered care and treatment to plaintiff, Charles C. Roseman.

Interrogatory 46 of defendant, Dr. Poppe, seeks to discover information relevant to plaintiff's expert "witnesses." The identity of expert "witnesses" are discoverable: Nissley v. Pennsylvania Railroad Company, 435 Pa. 503 (1969). However, by letter dated September 23, 1974, counsel for plaintiff states that "no firm decision as to whom we will call as experts" has been made. Accordingly, defendant's interrogatories 46(a) and (b) are dismissed without prejudice to his

right to renew the motion at any time prior to the trial of this case. The "subject matter" referred to in interrogatory 46(b) is somewhat ambiguous and for purposes of these interrogatories, the term shall mean "general" subject matter and shall not include any expert opinions. Interrogatories 46(c) and (d) seek expert opinion and violate Pennsylvania Rule of Civil Procedure 4011(f).

Interrogatory 48 asks for the specific acts that constituted negligence, the names of the persons who committed the acts, and the date and location of the acts. Plaintiff answers, in part, that this interrogatory is "premature, in view of the fact that much of this information is in the hands of the defendant and plaintiffs have not yet had the opportunity to complete pre-trial discovery."

A defendant is entitled to discover the factual basis on which an opponent bases his contentions and needs such information in order to prepare his defense to the suit. This principle applies equally to medical malpractice actions as other types of actions. Consequently, defendant's interrogatory 48 is proper. However, in medical malpractice cases, plaintiffs are often not in a position to provide such information to defendants until they have had an opportunity to complete their pretrial discovery.

In Luken v. Entine, 65 D. & C. 2d, 100, 101, 102 (1974), it was thus stated:

"In such cases our courts have recognized the difficulty of a plaintiff in ascertaining with specificity the names of witnesses or of negligent actors prior to depositions of the physician defendants. Such information, although relevant, is particularly within the knowledge of the individual defendants and is not available to plaintiff until interrogatories or depositions have been taken from such defendants. Thus, in Gray v. Oech, 49 D. & C. 2d 358, 364, 365 (1970), the

court dismissed defendant's petition for sanctions for a similar failure to respond to interrogatories, but did so without prejudice to the rights of defendants to seek more specific responses after the taking of defendants' depositions."

This court, as did the court in the Luken case, adopts the procedure of the Gray case and dismisses defendant's motion for a more specific answer to interrogatory 48 without prejudice to his right to renew the motion after the deposition of defendant, Dr. Poppe, is taken or a certificate of readiness is filed, whichever is earlier.

A few general comments will be made on defendant's interrogatories 49 through 56. They refer, respectively, to each specific ground of negligence alleged in the subparts of paragraph 9 of plaintiff's complaint. The information sought is essentially not factual in nature, but rather enters the realm of expert opinion in violation of Pa. R. C. P. 4011(f). In interrogatory 48, defendant has already asked plaintiffs to state the specific acts of defendant, Dr. Poppe, as well as of his agents, servants, workmen and/or employes which constituted negligence. It expressly includes any specific acts of negligence referred to in paragraph 9 of plaintiff's complaint. To the extent that defendant's interrogatories 49 through 56 would require plaintiffs to state specific acts of negligence, said interrogatories are, for the most part, repetitious of interrogatory 48.

Each of defendant's interrogatories 49 through 56 includes a subpart which requires plaintiff to state how a specific act of negligence caused the alleged injuries. The information requested here is, in effect, an expert opinion as to the causal relationship between the negligence and the injuries, and violates Pa. R. C. P. 4011(1)

Specifically, interrogatory 49 seeks information

relating to the standard of medical or surgical care. "Although a defendant is entitled to know the theory upon which plaintiffs' claims of negligence are based, he may not bind plaintiff to a specific theory as to what standard of care should have been applied. Such determination is for the factfinder, and furthermore, calls for legal conclusions and expert opinion from plaintiff": Luken v. Entine, 65 D. & C. 2d 100 (1974). Accordingly, interrogatory 49 shall be stricken. Interrogatory 50, which seeks information relating to reasonable medical or surgical care, shall also be stricken for the same reasons.

This court has carefully reviewed all of the subparts to interrogatories 51 through 56. All those subparts of these interrogatories to which this court does not make reference, require expert opinion and are dismissed. Although there is often a thin and vague line separating fact and opinion, it is incumbent upon this court to make that distinction. The following subparts are factual in nature and must be answered by plaintiff: 51(a), 52(a), 53(a), 54(c) and 55(a) and (b). However, the inquiries are subject to the conditions set forth previously in the discussion of interrogatory 48 and the Gray ruling is again adopted with respect to such inquiries.

## ORDER

And now, to wit, January 30, 1975, upon motion by defendant, Herman E. Poppe, D.O., and answer by plaintiff, it is hereby ordered and decreed that:

1. The motion of defendant seeking a more specific answer to interrogatory 46(a), (b), (c) and (d) is denied and refused, without prejudice to the right of defendant to seek more specific response to interrogatory 46(a) and (b) at any time prior to the trial of this case.

2. The motion of defendant seeking a more specific answer to interrogatory 48 is denied and refused, without prejudice to the right of defendant to seek a more specific response to such interrogatory after the taking of the deposition referred to in this opinion, or the filing of a certificate of readiness, whichever is earlier.

3. The motion of defendant seeking more specific answers to interrogatories 49, 50 and 56 are denied and refused, and such interrogatories are ordered stricken.

4. The motion of defendant seeking more specific answers to interrogatories 51, 52, 53, 54 and 55 and their subparts are denied and refused, without prejudice to the right of defendant to seek a more specific response to interrogatories 51(a), 52(a), 53(a), 54(c) and 55(a) and (b) after the taking of the deposition referred to in this opinion, or the filing of a certificate of readiness, whichever is earlier.